IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**GROVER ADAMS,**

    **Plaintiff,**

v.                                                 **Civil Action No.:** 3:25-cv-00672

**MICHAEL ALBRIGHT,
DAVIA GRAHAM, TRISTEN EADS,
CHRIS ALLEN, WILLIAM REED,
TIMOTHY NORVELL,
_____ WORKMAN and
JOHN/JANE DOES; all in their
individual capacities**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Grover Adams, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff, Grover Adams (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Western Regional Jail (hereinafter "WRJ") in West Virginia. Plaintiff is currently incarcerated at the Western Regional Jail.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendants Michael Albright, Davia Graham, Tristen Eads, Chris Allen, William Reed, Timothy Norvell, _____ Workman and Does were employed by the WVDCR as correctional officers at WRJ when they violated Plaintiff's constitutional rights by spraying Plaintiff with O.C. spray, brutally beating Plaintiff, and then failing to decontaminate Plaintiff for

over a day after the use of force occurred. Defendants were acting under the color of state law at all times relevant herein. All defendants are being sued in their individual capacities.

4. The reckless, willful and intentional acts and omissions of the Defendants directly resulted in Plaintiff being injured. Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when and if applicable to the claims made herein. Defendants Michael Albright, Davia Graham, Tristen Eads, Chris Allen, William Reed, Timothy Norvell, _____ Workman and Does are being sued in their individual capacities.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. At all times relevant herein, Plaintiff was an inmate at WRJ.

8. On or about March 7, 2024, Plaintiff was in his cell at Western Regional Jail in C1. Plaintiff had requested to see medical because he was having chest pains. Defendant Davia Graham went to Plaintiff's cell to escort Plaintiff to medical. When Defendant Graham arrived at Plaintiff's cell, she asked Plaintiff if he was suicidal. Plaintiff told Defendant something along the lines of, "Oh yeah, you know me. I'm not suicidal." Defendant Graham took this to mean that Plaintiff was suicidal. Plaintiff tried to clarify and explain that he was not suicidal and just needed to see medical. Defendant Graham and Plaintiff got into an argument over this issue. Defendant Eads walked into the unit and was present for this argument. Plaintiff was standing in the pod speaking with Defendants Graham and Eads. Plaintiff was acting calm during this conversation, did not make any threats, and had his hands by his side or behind his back during the conversation. As Plaintiff was standing in the pod with his hands behind his back speaking with Defendant Graham, she pulled out her O.C. spray and sprayed Plaintiff in the face from a very close distance. Plaintiff

walked away after being sprayed. Defendant Graham then put plaintiff into a choke hold and slammed him to the ground. Plaintiff was then handcuffed and removed from the pod.

9.     Plaintiff was taken to the shift supervisor's office and then the segregation unit, by Defendants Albright, Allen, Reed, Norvelle, and Does. Plaintiff was taken to an area of the jail that was not visible on the camera and viciously beat Plaintiff. Plaintiff was punched, struck, kicked and beaten by Defendants Albright, Allen, Reed, Norvelle, Workman and Does.  The beating resulted in mandibular fractures, a right zygomatic arch fracture, bilateral rib fractures L6 to 9 and R5 to 8.  This assault occurred while Plaintiff was handcuffed and was not a threat to himself or the correctional officers. Plaintiff did not refuse any orders at the time of this beating. The beating was done for the sole purpose of inflicting pain and suffering on Plaintiff.

10.    After Plaintiff was brutally assaulted he was removed from segregation and placed in booking, where he was not properly decontaminated and was not provided proper medical treatment for roughly twenty-four hours. Plaintiff was eventually taken to the hospital late the next day where he eventually had to have surgery to repair his mandible which had fractures on both the left and right side.

11.    The reckless, willful and intentional acts of the Defendants directly resulted in the Plaintiff suffering both physical injury and severe emotional distress.  Plaintiff suffered and continues to suffer severe emotional distress and physical injury.

12.    Plaintiff further asserts that he is seeking damages from the defendants up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein.  Plaintiff further asserts that he has exhausted his administrative remedies.

13.    All events and occurrences alleged herein occurred in the State of West Virginia.

## COUNT I - VIOLATION OF 42 USC §1983/EXCESSIVE FORCE/CRUEL AND UNUSUAL PUNISHMENT

14. Plaintiff realleges and incorporates the allegations of the previous paragraphs as if fully set forth herein.

15. Defendants, while acting under the color of state law, violated Plaintiff's Eighth/Fourteenth Amendment rights against cruel and unusual punishment/excessive force/torture.

16. The individual defendants violated Plaintiff's federal constitutional rights, as described and identified herein, by spraying Plaintiff with O.C. spray and then severely beating, punching, striking, and kicking Plaintiff. Plaintiff suffered serious injuries that required hospitalization and surgery as a result of the severe beating by the individual defendants while Plaintiff was handcuffed. The individual defendants further violated Plaintiff's constitutional rights when they failed to decontaminate Plaintiff after he was sprayed or allow Plaintiff to receive proper medical attention for roughly twenty-four hours following the spray and severe beating of Plaintiff.

17. This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendants' conduct was unnecessary and excessive and is cruel and unusual punishment. Defendants' use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

18. The repeated punching, kicking, striking, and beating of plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth/Fourteenth

Amendments of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Likewise, the spraying and failing to decontaminate plaintiff after he was sprayed with O.C. spray was a violation of Plaintiff's rights under the Eighth/Fourteenth Amendments of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendants' use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendants receive training that identifies such conduct as a constitutional violation of an inmate's rights. The failure to employ efforts to temper is further evidence of defendants' malicious conduct.

19. The conduct of the Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from excessive force under the Eighth/Fourteenth Amendments. Further, the Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendants would have known that their conduct was a violation of Plaintiff's Eighth/Fourteenth Amendment rights as a result of their training.

20. "[P]unitive intent behind a defendant's use of force may be inferred when the force is not reasonably related to a legitimate nonpunitive governmental objective." *United States v. Cobb*, 905 F.2d 784, 789 (4th Cir.1990) cert. denied, 498 U.S. 1049, 111 S.Ct. 758, 112 L.Ed.2d 778 (1991). The use of force in this case was clearly excessive and was not reasonably related to any legitimate objective. The Defendants used unnecessary force to brutally beat and inflict pain on Plaintiff for his verbal argument with another correctional officer.

21. The Eighth and Fourteenth Amendments to the United States Constitution forbid cruel and unusual punishment and prohibits the use of excessive force or the use of force that is

unnecessary, unjustified, or applied with malicious and sadistic intent for the purpose of punishment and to cause harm.

22. The actions carried out by the Defendants as described herein were in violation of clearly established law as well as defendant WVDOCR's own policies and procedures.

23. The actions of the Defendants were committed under the color of state law, and deprived Plaintiff of his clearly established constitutional rights to safety, due process, and not to be subjected to cruel and unusual punishment. Any officer or employee being employed at this facility knew or should have known such rights were possessed pursuant to the Eighth and or Fourteenth Amendments to the United States Constitution, WVDOC Policy Directives, common law, as well as their training.

24. As a result of the vicious and malicious beating, Plaintiff suffered mandibular fractures, a right zygomatic arch fracture, bilateral rib fractures L6 to 9 and R5 to 8 as well as other severe pain and bruising. Plaintiff further suffered from the severe burning and pain to his skin and face from the O.C. spray and the failure to decontaminate him from the O.C. for roughly twenty-four hours. Plaintiff continues to suffer from the damage caused to him and had to have surgery to repair his broken jaw. Plaintiff has suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendant as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 U.S.C. § 1988, the attorneys' fees and costs incurred during the course of this litigation.

## COUNT II - VIOLATIONS OF THE UNITED STATES CONSTITUTION
## DELIBERATE INDIFFERENCE (42 U.S.C. § 1983) – FAILURE TO INTERVENE

25. Plaintiff hereby incorporates and re-alleges by reference, the allegations of the previous paragraphs of this Complaint.

26. Defendants Michael Albright, Davia Graham, Tristen Eads, Chris Allen, William Reed, Timothy Norvell, Workman and Does were at all times herein acting under the color of state law and are being sued in their individual capacities.

27. Defendants, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to his safety and personal needs, thereby resulting in plaintiff being subjected to a brutal beating as described herein.

28. Specifically, Defendants Michael Albright, Davia Graham, Tristen Eads, Chris Allen, William Reed, Timothy Norvell, Workman and Does had a duty to intervene and stop the beating of plaintiff. These defendants knew that the beating of Plaintiff was a violation of plaintiff's rights under the Eighth/Fourteenth Amendments as a result of their training and legal precedent. These Defendants were also deliberately indifferent at times when they stood by and let other Defendants viciously beat and injure plaintiff when he was not a threat to himself or the officers and was handcuffed. Defendants had an opportunity and obligation to intervene and stop the beating but failed to do so as a result of their deliberate indifference towards the excessive force described herein.

29. Defendants Michael Albright, Davia Graham, Tristen Eads, Chris Allen, William Reed, Timothy Norvell, Workman and Does all had a duty to decontaminate Plaintiff after he was sprayed with O.C. spray. It is well established that failure to decontaminate can give rise to an Eighth Amendment claim. *Mann v. Failey*, No. 13-6446 (4th Cir. 2014) unpublished citing *Williams v. Benjamin*, 77 F.3d 756, 68 (4th Cir. 1996). *See also Woodard v. Wintons*, 2:16-cv-704

(S.D. Ohio 2018) (summary judgment on claim for failure to decontaminate is improper); Wilson v. Swiney; 7:16-cv-0332 (W.D. Va. 2017) (allegation of failure to decontaminate states a possible claim and defendants not entitled to summary judgment.). Plaintiff was not properly decontaminated after he was sprayed and beaten in this matter.

30. These Defendants acted with deliberate indifference when they ordered, witnessed, heard and/or allowed plaintiff to be brutally beaten while he was restrained in handcuffs and never properly decontaminated from O.C. spray.

31. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution. This deliberate conduct and indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy.

32. The actions and/or inactions of Defendants were not taken in good faith and were in violation of clearly established law, WVDOCR policy and directives.

33. Defendants violated Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution as described and identified herein, by failing to protect Plaintiff and by failing to take adequate measures to protect plaintiff from being brutally beaten while he was handcuffed. These defendants had both the opportunity and obligation to intervene on plaintiff's behalf and stop the excessive force against Plaintiff as well as failure to decontaminate Plaintiff.

34. The acts and omissions of the Defendants as described herein violated the Eighth and/or Fourteenth Amendments to the Constitution of the United States of America and gives rise to the action against the Defendants named herein. Defendants through their training and legal precedent knew that they had a duty to protect inmates from harm and malicious beatings.

35. As a direct and proximate result of the deliberate indifference of the Defendants toward plaintiff, plaintiff incurred physical injury, pain and suffering and severe emotional distress.

36. The actions of the defendants were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury.

37. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs. Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law.

### COUNTS III and IV- FRAUD/CONSPIRACY

38. Plaintiff hereby incorporates and re-alleges by reference, the allegations of the previous paragraphs of this Complaint.

39. The individual defendants herein were aware that their conduct was a violation of plaintiff's constitutional rights. As a result of this knowledge, defendants schemed and conspired with each other to draft false incident reports in an attempt to hide and cover-up their conduct. The purpose of the fraudulent reports was to impede plaintiff's claim and protect themselves from discipline and/or discharge.

40. Defendants' fraudulent and conspiratorial conduct as described herein was a proximate cause of plaintiff's injuries.

### COUNT V – BATTERY

41. Plaintiff hereby incorporates and re-alleges by reference, the allegations of the previous paragraphs of this Complaint.

42. Defendants' conduct of subjecting Plaintiff to inappropriate and unnecessary physical beating constitutes battery.

43. Defendants' battery of Plaintiff caused Plaintiff to suffer severe emotional distress and serious physical injury that required hospitalization and surgical intervention.

44. Defendants' conduct of subjecting Plaintiff to inappropriate physical contact constitutes battery and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, extensive medical bills, pain and suffering, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

GROVER ADAMS,
By Counsel,

/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroebel1@gmail.com