**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

STEPHANIE TORRES,
Administratrix of the Estate of Grover Adams,

Plaintiff,

v. CIVIL ACTION NO. 3:25-0672

MICHAEL ALBRIGHT,
DAVIA GRAHAM,
TRISTEN EADS,
CHRIS ALLEN,
WILLIAM REED,
TIMOTHY NORVELL,
JASON WORKMAN, and
JOHN/JANE DOES,
all in their individual capacities,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss filed by Defendant Timothy Norvell and joined by Defendant Michael Albright. *Mot. Dismiss*, ECF No. 47; *Mot. Joinder*, ECF No. 49. For the reasons discussed herein, the Motion to Dismiss is **GRANTED in part**, and Counts III and IV are **DISMISSED without prejudice**.

## I. BACKGROUND

Grover Adams filed his Complaint in this matter on November 13, 2025. *Compl.*, ECF No. 1. Mr. Adams asserted five causes of action: (I) use of excessive force / cruel and unusual punishment; (II) deliberate indifference, (III) fraud, (IV) conspiracy, and (V) battery. *Id.* at 4-10. In support of Counts III and IV, Mr. Adams alleged that "defendants schemed and conspired with

each other to draft false incident reports in an attempt to hide and cover-up their conduct." *Id.* ¶ 39. After Mr. Adams's decease, his partner Stephanie Torres was substituted as Plaintiff in this matter on June 17, 2026. *Order Subst.*, ECF No 44.

Defendant Timothy Norvell filed the instant Motion to Dismiss on July 13, 2026, arguing that Counts III and IV of Plaintiff's Complaint should be dismissed with prejudice "to the extent they are asserted against [Defendant Norvell]" for failure to state a fraud claim (Count III) and a conspiracy claim (Count IV). *Mot. Dismiss*, ECF No. 47. In response, Plaintiff withdraws the fraud claim pleaded in Count III and does not oppose its dismissal without prejudice. *Resp. Mot. Dismiss* at 5, ECF 52. However, Plaintiff does not withdraw the conspiracy claimed pleaded in Count IV nor the underlying allegation of fraud supporting conspiracy presented in ¶ 39. *Id.* Moreover, Plaintiff argues that Counts I, II, and V also provide underlying torts supporting conspiracy. *Id.* In reply, Defendant Norvell argues that Plaintiff's conspiracy claim (1) cannot survive without its underlying fraud claim and (2) cannot adopt torts from other Counts which were not originally pleaded as underlying torts supporting conspiracy. *Reply Mot. Dismiss* at 2-3, ECF No. 54.

Defendant Michael Albright filed a "Motion for Joinder" on July 13, 2026, to adopt Defendant Norvell's Motion to Dismiss arguments to the extent the same counts are alleged against Defendant Albright.[1] *Mot. Joinder*, ECF No. 49. Defendant Albright filed another "Joinder" on August 4, 2026, to likewise adopt Defendant Norvell's Reply arguments. *Joinder*, ECF No. 55.

[1] The Court has given notice that "[all] motions under [FR Civ P 12(b)] unsupported by memoranda will be denied without prejudice pursuant to LR Civ P 7.1(a)." *Order & Notice*, ECF No. 45. To preserve judicial economy and efficiency, the Court will construe this "Motion for Joinder" as a Motion to Dismiss adopting the same Memorandum of Law filed by Defendant Norvell. *See Mem. Law*, ECF No. 48.

## II. LEGAL STANDARD

In order to allege a conspiracy to defraud, "the particularity requirements of Fed. R. Civ. P. 9(b) must be met." *Lindemann-Moses v. Jackmon*, No. 1:20CV655, 2020 WL 6120035, at *5 (M.D.N.C. Oct. 16, 2020) (citing *First Fin. Sav. Bank, Inc. v. Am. Bankers Ins. Co. of Fla.*, No. 88-148-CIV-5-H, 1990 WL 260541, at *8 (E.D.N.C. July 5, 1990) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985))). A "lack of compliance with Rule 9(b)'s pleading requirements is treated as failure to state a claim under Rule 12(b)(6)." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *Dunn v. Borta*, 369 F.3d 421, 426 (4th Cir. 2004)).

### A. Rule 12(b)(6) – Plausibility Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

### B. Rule 9(b) – Particularity Standard

"In addition to meeting the plausibility standard of *Iqbal*, fraud claims ... must be pleaded with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (citing *Harrison v.*

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783–85 (4th Cir.1999)). To meet this standard, plaintiffs should "at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison*, 176 F.3d at 784). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id.* at 379 (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

## III. DISCUSSION

### A. Count III – Fraud

Plaintiff withdraws the fraud claim pleaded in Count III and does not oppose its dismissal without prejudice. *Resp. Mot. Dismiss* at 5.

Accordingly, Count III is DISMISSED without prejudice.[2]

### B. Count IV – Conspiracy

Plaintiff's conspiracy claim cannot survive without her underlying fraud claim. Civil conspiracy "requires an underlying tort or harm resulting from the conspiracy[.]" *Hopkins v. Sutphin*, 931 S.E.2d 772, 784 (W. Va. 2026) (citing *Jane Doe-1 v. Corp. of Pres. of The Church of Jesus Christ of Latter-day Saints*, 801 S.E.2d 443, 458 (W. Va. 2017)). Here, Plaintiff withdraws her underlying fraud claim.[3] *Resp. Mot. Dismiss* at 5. Plaintiff argues that the tort claims described

[2] A district court has discretion to decide whether to dismiss an action with or without prejudice. *Carter v. Norfolk Comm. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985); *see also Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). The Court sees no reason to dismiss Plaintiff's claims with prejudice prior to the expiration of the statute of limitations or the deadline to motion to amend pleadings. *See Sched. Order*, ECF No. 51.

[3] Civil conspiracy does not require the underlying tort claim to be asserted against each and every co-conspirator. *Hopkins*, 931 S.E.2d at 784-85. However, here, the Court construes Plaintiff's withdrawal of her fraud claim as against *all* Defendants.

in Counts I, II, and V also underlie her conspiracy claim. *Resp. Mot. Dismiss* at 5. However, the only tort underlying conspiracy, as pleaded in Plaintiff's Complaint, is fraud. *See Compl.* ¶ 39. Moreover, a complaint may not be amended through a response to a motion to dismiss. *Worley v. Ewing*, No. 2:19-CV-00543, 2021 WL 951704, at *6 n. 3 (S.D.W. Va. Mar. 12, 2021). Instead, Plaintiff's conspiracy claim must live or die by the factual allegations originally pleaded. Thus, Plaintiff's conspiracy claim must also be dismissed.

Plaintiff's conspiracy claim also fails under Rule 9(b) and thus Rule 12(b)(6). In order to allege a conspiracy to defraud, "the particularity requirements of Fed. R. Civ. P. 9(b) must be met." *Lindemann-Moses*, 2020 WL 6120035, at *5. A "lack of compliance with Rule 9(b)'s pleading requirements is treated as failure to state a claim under Rule 12(b)(6)." *Taylor*, 39 F.4th at 189. To comply with Rule 9(b), Plaintiff must describe "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wilson*, 525 F.3d at 379. Here, Plaintiff alleges a conspiracy to defraud subject to Rule 9(b). *See Compl.* at 9. Plaintiff alleges that "defendants schemed and conspired with each other to draft false incident reports in an attempt to hide and cover-up their conduct." *Id.* ¶ 39. Plaintiff alleges this conduct occurred at "Western Regional Jail" on or about "March 7, 2024." *Id.* ¶ 8. Hence, Plaintiff describes the time and place of the "false incident reports" as well as the identity of the persons making the misrepresentations and what they obtained thereby. However, Plaintiff fails to describe the contents of the "false incident reports." Indeed, Plaintiff acknowledges that she "has never been provided the incident reports at issue." *Resp. Mot. Dismiss* at 5. Therefore, Plaintiff fails to state a claim under Rule 9(b) and thus Rule 12(b)(6).

Accordingly, Count IV is DISMISSED without prejudice.[4]

---

[4] *See supra* note 2.

## IV. CONCLUSION

For the above stated reasons, the Motion to Dismiss is **GRANTED in part**, and Counts III and IV are **DISMISSED without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 27, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE